UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>Petitioner,<br><br>v.<br><br>EL DORADO COUNTY JAIL,<br><br>Respondent. | No. 2:19-cv-1414 KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a county inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

Petitioner alleges that he has been housed in administrative segregation without due process; he is being subjected to high temperatures in administrative segregation; he has received inadequate medical care; and he concedes that he has not exhausted his administrative remedies to the highest level of review (ECF No. 1 at 5). Petitioner names the El Dorado County Jail as respondent.

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

1

Here, petitioner does not challenge the fact or duration of his underlying conviction. Rather, he challenges the conditions of his confinement. Also, petitioner does not name an individual responsible for the alleged violations of his civil rights at the county jail.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition that petitioner is not entitled to federal habeas relief because he challenges the conditions of his confinement. Therefore, the petition should be summarily dismissed.

When a prisoner files a habeas petition that attacks the conditions of his confinement, a district court may construe the petition as a civil rights action under 42 U.S.C. § 1983. See, e.g., Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute as stated in Woodford v. Ngo, 548 U.S. 81, 84 (2006). "[A] district court may construe a petition for habeas corpus to plead a cause of action under [Section] 1983 after notifying and obtaining informed consent from the prisoner." Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). A district court may re-characterize a habeas petition "'[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

Because petitioner challenges the conditions of his confinement, not the fact or duration of his confinement, such claims fail to state cognizable federal habeas claims under Section 2254. The undersigned declines to convert this action to a civil rights action because petitioner has not identified appropriate individuals as defendants, and he concedes he has not yet exhausted his administrative remedies as to such claims.[1] Therefore, this action is not amenable to conversion on its face to a civil rights action under 42 U.S.C. § 1983. For these reasons, the court will not

---

[1] "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement).

convert the petition, but will recommend that the action be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court:

1. Randomly assign a District Court judge to this matter, and

2. Serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

IT IS FURTHER RECOMMENDED that the instant petition (ECF No. 1) be summarily dismissed pursuant to Rule 4 Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

crai1414.156

3